IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case Number:_____-CIV-_____

**AISHIA PETERSEN,**

     Plaintiff,

**v.**

**GEORGICA PINE CLOTHIERS LLC,**
**D/B/A  J.McLAUGHLIN**

     Defendant.

_____/

## COMPLAINT FOR PERMANENT INJUCTIVE RELIEF

**COMES NOW**, Plaintiff Aishia Petersen ("Plaintiff "or "Petersen"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.  Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using her computer.  Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Defendant's website https://www.jmclaughlin.com/ (the "Website") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in GEORGICA PINE CLOTHIERS LLC ("Defendant" or "**J.McLAUGHLIN**") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendants) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that Defendant is legally responsible in some manner for the events and happenings alleged herein and that Defendant sued here proximately caused injuries and damages to Plaintiff as set forth below.

5. Plaintiff is sui juris, and she is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, build, maintain, and operate its https://www.jmclaughlin.com to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical stores and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's website is a point of sale for the Defendant physical store. The Defendant's e-commerce platform https://www.jmclaughlin.com   (the "Website") allows purchase of the same merchandise online or at the brick-mortar store.

7. The Defendant owns and operates the Website for desktop and mobile application for e-commerce and several clothing stores that are located in Florida.

8. Because Defendant is a store open to the public, each of Defendant's physical stores is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(E), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Aishia Petersen, a blind woman, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

11. Plaintiff cannot use her computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

12. Defendant's Website is built in digital code that impedes screen-reader software from working. A reformation of the source-code could make the Defendant's website compatible with the popular blind's screen-readers software and grant access to Defendant's store to all blind individuals, including Plaintiff.

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used hundreds of websites.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

14. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

15. Plaintiff visited the Website when at home, or on the go or in transit when visiting stores and shopping.  The purpose of the *W*ebsite is to turn visitors into prospects. One of the functions of the Defendant's Website is to provide the public information on the locations of Defendant's stores through a "Store Locator" feature. Defendant also sells to the public its merchandise through the Website, which acts as a point of sale for Defendant's merchandise available in, from, and through Defendant's physical stores and https://www.jmclaughlin.com/.

16. This case arises out of the fact that Defendant GEORGICA PINE CLOTHIERS LLC has operated its business in a manner and way that effectively excluding Plaintiff who are visually impaired from access to Defendant physical stores and online store (the Website). Because the Website, an e-commerce online platform, carries the same products in the physical store and connects individuals to make a purchase on the Website 24/7, the same way they would in the physical store (during stores hours 10am to 8pm). The Website has a nexus to and is an extension of and gateway to the Defendant's physical stores.

17. Because the public can view and purchase Defendant's goods through the Website that are also offered for sale in Defendant's physical stores, thus having the Website act as a point of sale for Defendant's products that are also sold in the physical stores, arrange in-store and curbside pickups of merchandise purchased online benefits for use online and in the physical stores, the Website is an extension of and gateway to the physical stores, which are places of public accommodation pursuant to the ADA, 42 U.S.C. §12181(7)(E).

18. Even if the Website is not itself a place of public accommodation the Defendant's physical stores are a place of public accommodation under 42 U.S.C. §12181(7)(E), and must comply with all requirements of the ADA. The Website is an extension and a necessary service, privilege, and advantage of the Defendant's physical stores. Defendant must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical stores.

19. Because Plaintiff is legally blind, she must rely on accessible website information and pre-shop before leaving her home to visit and patronize a business. As part of that process, Plaintiff uses the internet to research the business she intends to visit, including the store's location, hours, merchandise, pricing, and pre-shop or purchase to pickup at the physical store. On April 6, 19, 22, 26, 28, 2026, Plaintiff made multiple attempts to access Defendant's Website in connection with her intention to patronize Defendant's physical J.McLAUGHLIN's store located on Las Olas Fort Lauderdale. Before traveling there, Plaintiff attempted to use the Website to identify the store's location (to find out all the locations in Florida) , confirm that the store was open, review Defendant's women's clothing, compare prices, and determine whether she could purchase items online for in-store pickup or otherwise pre-shop before her visit. However, because the Website is not readable and accessible to Plaintiff's NVDA screen-reader software and VoiceOver, Plaintiff was unable to independently obtain this information and was thereby impeded in her efforts to access and patronize Defendant's physical store.

20. Plaintiff regularly travels to the Fort Lauderdale area for shopping, dining, appointments and visit her family, and therefore has a concrete and non-speculative intent to return to that area in the immediate future. Plaintiff intends to patronize Defendant's the Fort

Lauderdale's store during one of those trips as soon as she can independently access Defendant's Website to obtain the store information, merchandise details, pricing, and purchasing options necessary to plan her visit.

21. Plaintiff is, and has been, a customer who is interested in patronizing Defendant's physical stores and intends to do so in the near future once the access barriers on Defendant's Website are removed or remediated. Plaintiff previously visited a J.McLAUGHLIN's store in another state with friends and remains interested in Defendant's products and retail locations. The barriers Plaintiff encountered on Defendant's Website have therefore impeded Plaintiff's full and equal enjoyment of the goods and services offered at Defendant's physical stores. Plaintiff intends to return to the area within the next thirty (30) days, and she periodically travels to the area approximately every two months for appointments and to visit family. During one of those upcoming visits, Plaintiff intends to patronize Defendant's physical store once Plaintiff is able to independently access the Website information necessary to plan her visit.

22. Defendant's Website is not merely informational; it functions as a point of sale and as an integrated gateway to Defendant's physical stores. Through the Website, customers can pre-shop Defendant's merchandise, review product details and pricing, locate the nearest store, and purchase merchandise online for pickup at a physical store location.

23. Before Plaintiff visited Defendant's physical store, Plaintiff needs to visit the store online, because the opportunity to shop and pre-shop Defendant's products from Plaintiff's home are important accommodations for Plaintiff; because as a visually disabled individual Plaintiff plans her outings in advance.

24. Plaintiff is impeded to access and communicate with Defendant effectively, unable to take advantage and use the Website to pre-shop and purchase Defendant's merchandise, to arrange in-store and curbside pickups of merchandise purchased online, create an account and sign up for an electronic emailer to receive exclusive online offers, benefits, invitations, and discounts for use both online and in the physical stores.

25. The privilege to navigate the Website from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of her home as a visually disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

26. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to J.McLAUGHLIN's physical stores and online e-commerce platform (the Website).

## JURISDICTION AND VENUE

27. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

28. Defendant has stores in the State of Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

29. Venue is proper pursuant to 28 U.S.C. §1391, in the Southern District of Florida where defendant has retail stores and a substantial part of the events giving rise to the claims occurred. Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

30. Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is a J.McLAUGHLIN's store near her area.

31. Plaintiff is a resident of Orlando, FL 32817.  is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

32. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

33. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website. Defendant GEORGICA PINE CLOTHIERS LLC is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## THE PARTIES

34. Plaintiff Aishia Petersen, is a resident of the State of Florida. Plaintiff resides in Orlando. Aishia Petersen is legally blind, and a member of a protected class under the ADA. Whereby, she has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed with congenital glaucoma in both eyes by UM Health- Bascom Palmer

8

Eye Institute, and consequently, is legally blind and the visual disability is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

35. Plaintiff cannot use the computer without the assistance of a screen reader software. Petersen is a proficient user of the NVDA and Voiceover screen-reader to access the internet." NVDA and Voiceover (Apple's screen reader) or Voiceover (Apple's screen reader) are the most popular screen reading software for computers and mobile phones. For screen-reading software to work, the information on a website must be capable of being rendered into text.

36. GEORGICA PINE CLOTHIERS LLC is a Foreign for profit Corporation. Defendant is the owner and operator of several clothing and accessories stores under the brand name McLaughlin. GEORGICA PINE CLOTHIERS LLC produces and distributes clothing and accessories to its stores and distributors in Florida.

37. Upon information and belief, at all times material hereto, Defendant owns, operates, and/or manages the day-to-day affairs of McLaughlin's stores which are operating within the State of Florida. Defendant's store are public accommodations pursuant to 42 U.S.C. § 12181(7)(E).

38. Plaintiff believes, and thereon alleges, that Defendant corporate and affiliates and/or related entities, actively engaged in the sale of apparel in various states throughout the country, including Florida.

39. Said Defendant entities will hereinafter collectively be referred to as "McLaughlin" or, where appropriate, "Defendant."

**FACTS**

40. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

41. Each of Defendant's stores are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] … other sales establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

42. McLaughlin offers women clothing for sale to the general public.

43. Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates her web pages, including image and data content. Defendant owns and operates the domain name and web commerce pages https://www.jmclaughlin.com, that is configured for use by desktop computer and mobile devices such as smartphones.

44. One of the functions of Defendant's Website (available to browse in mobile or computer desktop version) is to provide the public information on the various locations of Defendant's stores that sell women's clothing. The other function of the website is to sell Defendant's products.

45. Defendant's Website is offered by Defendant as a way for the public to communicate with McLaughlin's fashion merchandise. Defendant's Website also permits the public to register and create an account allows the general public to pre-shop or purchase women's clothing, provides: customer service.

46. Plaintiff has a concrete and definite plan to patronize Defendant's store in the near future, including within the next 30 days when Plaintiff expects to be in the area. Because Plaintiff is blind, it is difficult to shop efficiently inside the physical store without first reviewing product information and prices, especially because price tags are not available in Braille. Plaintiff therefore prefers, as many customers do, to use Defendant's Website before traveling to the store to review merchandise, compare prices, and determine whether to make an online purchase, arrange pickup, or pre-shop items for an in-store visit. Plaintiff admires the quality of Defendant's products and intends to purchase them on a regular basis, but the inaccessibility of Defendant's Website prevents Plaintiff from preparing for that visit in the same manner as sighted customers and deters Plaintiff from returning.

47. Plaintiff is a customer of McLaughlin's stores since her intent to continue visiting a McLaughlin's clothing store near her home. Plaintiff through her inquiries learned that there are some McLaughlin's stores in her area.

48. Beginning in April 2026, on several occasions, Plaintiff was denied access to Defendant's website and the physical store, because the Website was incompatible with screen-reader software and plaintiff could not prepare to visit the physical-store. Defendant sells unique and brand-specific products that cannot be reasonably substituted by goods from another store. Because Defendant's merchandise is distinctive to Defendant and not interchangeable with products offered by competitors, Plaintiff's inability to access Defendant's Website did not merely inconvenience him; it denied him meaningful access to Defendant's particular goods and the full and equal enjoyment of the goods, services, privileges, and advantages offered by Defendant's physical stores. Plaintiff explains that the Website contains the following access barriers that prevents him from free and full use of screen reader software.

a.    Product images have no meaningful description (alt). Screen-readers use "alt" description to voice and announce to user. The Website announces "shop now". Watch the issue on https://youtu.be/w-4r0e15vO4. On the product page the Website repeats every image with NOT unique label and description, uses same ID.  Watch https://youtu.be/7tzydkUlGQk. On the gift card page the image is not described; watch https://youtu.be/Zv59XVkKEWo

b.    On the page https://www.jmclaughlin.com/pages/our-stores, the Website does not announce the address and hours, because the store address has no focus. Watch https://youtu.be/yMEYkWBPhKA

c. On the product page,  the colors are announced as "open this option link". Plaintiff does not know what color is it. The Website reads the size XSand skips the other sizes, because there are no "focus". Watch  https://youtu.be/7tzydkUlGQk

d. The "hamburger" style menu  is labeled "button, button" Plaintiff cannot access the menu with subcategories like, New arrivals, women, sale, etc. Watch https://youtu.be/7tzydkUlGQk

e. When Plaintiff "Add to Cart", the Website does NOT announce "added to cart" instead, a pop-up opens on top right side of screen, announces "banner landmark, $228 and $150". Watch at 1:30 sec. https://youtu.be/7tzydkUlGQk

e. On the product page the images have no description (announces previous slide button, next slide button) "price" are skipped and Plaintiff was not able to read this important information in deciding her purchase.  Watch  https://youtu.be/7tzydkUlGQk

f. The background, text and products have poor contrast. Also, the Website does not provide a zoom feature.

49. Due to these barrier Plaintiff was unable and impeded to access the Defendant's physical store: Plaintiff was unable to prepare to visit the physical store because the Defendant's website was inaccessible for Plaintiff to  (1) find the Defendant's store locations open in her area; (2) know the cost of Defendant's women clothing; (3) shop or pre-shop McLaughlin's dress and tops  on the Website and pick up at the McLaughlin's store or delivery; (4) get the special discounts; (5) register online (create an account); and (6) compare product pricing and (7) checkout and finalize an online purchase. Thus, Defendant's Website creates an intangible barrier that prevents Petersen from "'accessing a privilege' of a physical place of public accommodation, where Plaintiff cannot prepare to visit the defendant's store, pre-purchase or make a purchase to pickup at the store.

50. Plaintiff was unable to find an Accessibility Statement or notice to assist him navigate the Defendant's website. During due diligence an expert was consulted and found 18 unique issue-barriers under the WCAG=World Content Accessibility Guidelines, just in one page of the website, this website contains hundreds of code-lines that are incompatible with screen-readers, thus inaccessible to Plaintiff. (Attached Exhibit A)

51. During Plaintiff's several visits to the website using JAWS and NVDA (computer) and Voiceover (cell-phone browsing) occurring in March 01, 2026 and the last in March 30, 2026, attempted to visit the physical store by checking the Website first, however the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the Defendant's facilities, goods, and services.

## AMERICAN WITH DISABILITIES ACT

52.  The failure to access the information needed precluded Plaintiff's ability to patronize McLaughlin's stores because, as a blind individual, Plaintiff needs to plan her outings out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

53. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

54. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "store and sales establishment" Id. § 12181(7)(E). Defendant            owns and operates stores, McLaughlin.

55. *On March 18, 2022,* The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains standards for business websites with stores open to the public, must make sure their websites are accessible to people with disabilities in line with the ADA's requirements.  The guidance discusses the WCAG standard of web accessibility, and how to remove accessibility barriers that websites create for people with disabilities.  *See   https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.*

56. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or discriminatory

procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

57. Technology evolves, in these days, for consumers and business. Consumers are doing most of their shopping online. And business are seeing higher revenue from their online point of sales then their physical stores, based on business financial disclosures. Defendant's provision of an e-commerce Website, which is the main point of sale, distribution, and revenue for Defendant's business. The Website is an intangible, but essential part of the Defendant's services and privileges offered by the Defendant's stores to their customers to access Defendant's goods.

58. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

59. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

60. Plaintiff would like to become Defendant's patron and access the Defendant's physical store and the Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

61. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing J.McLAUGHLIN's stores, goods and services available from Defendant and further left him with the feeling of segregation, rejection, isolation, frustrated and humiliated and unable to participate

in a manner equal to that afforded to others who are not similarly disabled. As a result, Plaintiff has suffered in a personal and individual way a particularized harm and an injury in fact.

62. Plaintiff is legally blind and does not drive, so she must arrange transportation before visiting Defendant's store. Plaintiff must first being able to independently review, through Defendant's Website, the goods and services offered by Defendant, including what merchandise is sold, the store location, and other store-related information necessary to plan the trip. Because Plaintiff is unable to access that information through screen-reader software, Plaintiff faces substantial uncertainty about whether she is traveling to the correct location, whether the store is open, and whether the goods she seeks are available, if there is a sale, when is the sale dates, and whether any relevant service is available online through the Website. As a result, Plaintiff is impeded in arranging transportation and is effectively denied the ability to physically travel to and patronize Defendant's J.McLAUGHLIN's store in the same manner as sighted customers.

63. Plaintiff has a concrete plan to purchase J.McLAUGHLIN's women clothing when she is treated like other members of the public and the Website is remediated and fully accessible. By denying Plaintiff the opportunity to comprehend J.McLAUGHLIN's Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

64. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

65. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

66.   Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

67.   All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303.*

68.   Binding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as "Places of Public Accommodation" under Title III.

69. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

70.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is her only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

71. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

72. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

73.   Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses

incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant J.McLAUGHLIN.

### COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

74.   Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

75.   Defendant's Website has not been designed to interface with the widely and readily available technologies for blinds that can be used to ensure effective communication.

76. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the Website which is defined within §12181(7)(E), and is subject to the ADA.

77. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

78.   Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

18

79. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

80. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

81. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Petersen injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the Website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website through the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating J.McLAUGHLIN's stores and becoming informed of and signing up for J.McLAUGHLIN's women clothing products online provided to the public within Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they

are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

82. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Aishia Petersen hereby demands judgment against Defendant "**GEORGICA PINE CLOTHIERS LLC**" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendant's websites **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant to continually update and maintain their computer version of the defendant's websites to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

e. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 30th day of April 2026.

/s/Acacia Barros
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
7284 W Palmetto Park Rd #101
Boca Raton, FL 33433
Tel: +1 (786) 759-3520
ab@barroslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2026 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.

/s/Acacia Barros
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.

21